UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>    Plaintiff,<br>  v.<br>FISCHMAN,<br>    Defendant. | Case No. 16-cr-00246-HSG-1<br>**ORDER GRANTING MOTION FOR REDUCTION OF SENTENCE**<br>Re: Dkt. No. 47 |

Pending before the Court is Defendant Arnold Fischman's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). *See* Dkt. No. 47. The Court held an initial hearing on April 17, 2020.[1] On April 22, 2020, the Court found that Mr. Fischman had not exhausted his administrative remedies, so the Court held the motion in abeyance. *See* Dkt. No. 68. The Court held another hearing on the motion on May 1, 2020. For the reasons detailed below, the Court **GRANTS** the motion.

I. **BACKGROUND**

On June 10, 2016, Mr. Fischman was charged with possession of child pornography in violation of 18 U.S.C. § 2252. Dkt. No. 1. Mr. Fischman pled guilty to the single count on September 6, 2016. *See* Dkt. No. 19. The Court sentenced Mr. Fischman to 70 months imprisonment and a five-year term of supervised release. Dkt. No. 45. His anticipated last day of official incarceration, factoring in good time credit and his successful completion of the RDAP treatment program, is March 16, 2021. *See* Dkt. No. 47 at 5, & n.2. Moreover, his release to a halfway house is projected to occur around September 18, 2020. *See id.* Therefore, if not granted

---

[1] During the hearing, defense counsel confirmed that to the extent Mr. Fischman has any right to appear at and participate in the hearing, Mr. Fischman waives that right.

early release, Mr. Fischman would serve approximately four and a half additional months in prison.

On April 5, 2020, Mr. Fischman requested a sentence reduction and release under the compassionate release provision in 18 U.S.C. § 3582(c)(1)(A)(i) via email to the Warden at FCI Terminal Island, the institution in which he is incarcerated. *See* Dkt. No. 47 at 12; *see also* Dkt. No. 60-1, Ex. 11. Two days later, on April 7, 2020, Mr. Fischman's attorney wrote the Warden requesting that Mr. Fischman be transferred to home confinement for the balance of his sentence. *See* Dkt. No. 47-4, Ex. 5. The government has since acknowledged that the April 5 communication constitutes a motion to the Bureau of Prisons for compassionate release that triggers the 30-day period for administrative review under 18 U.S.C. § 3582(c)(1)(A). *See* Dkt. No. 74 at 2. As of May 1, Mr. Fischman has not received a response either to his electronic request or his counsel's letter. *See, e.g.*, Dkt. No. 47 at 12.

## II.   LEGAL STANDARD

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, provides that the Court:

> may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i). However, it may only do so "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

A court may modify a defendant's sentence "after considering the factors set forth in § 3553(a) to the extent applicable" if it finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the

2

Sentencing Commission." *Id.* § 3582(c)(1)(A)(i).  The relevant Sentencing Commission policy statement sets forth several "extraordinary and compelling reasons," including the health and age of the defendant.  *See* U.S. Sentencing Guidelines, § 1B1.13(1)(A) & cmt. 1.  The Commission also requires the defendant not pose a danger to the safety of the community.  *See id.* § 1B1.13(2).

## III. DISCUSSION

As a threshold matter, the government contends that Mr. Fischman waived his right to seek compassionate release under 18 U.S.C. § 3582(c) in his plea agreement.  *See* Dkt. No. 58 at 6–8.  The Court is not persuaded that Mr. Fischman's plea agreement precludes his motion in this case, and considers Mr. Fischman's motion on the merits.

The Court understands that Mr. Fischman filed this motion, at least in part, because of the unprecedented circumstances facing the country in light of the COVID-19 pandemic.  The Court also acknowledges the particular challenges facing the penal system given this evolving health crisis.  FCI Terminal Island in particular appears to be battling one of the most serious COVID-19 outbreaks in the Bureau of Prisons system.  On April 10, 2020, when Mr. Fischman first filed his motion, there were no confirmed COVID-19 cases at FCI Terminal Island.  *See* Dkt. No. 47 at 15–16.  As of the date of this order, however, there have been 615 confirmed cases of COVID-19 out of a population of 1,051 total inmates.[2]  And at least 5 inmates there have died from coronavirus.[3]  The scale of the outbreak is immense and growing exponentially.[4]

When Mr. Fischman initially filed this motion, the parties and the Court could only speculate about the risks facing Mr. Fischman were he to remain at FCI Terminal Island.  But on April 28, 2020, Mr. Fischman tested positive for the virus.  *See* Dkt. No. 74 at 2.  At least as of April 30, his temperature and oxygen levels have remained at normal levels.  However, during the May 1 hearing, the government could not provide detail about Mr. Fischman's specific treatment status or explain how FCI Terminal Island is ensuring the safety and health of the inmates given the exponential growth in cases over such a short period of time.  The risk that this virus poses is

---

[2] *See* https://www.bop.gov/coronavirus/ (last visited May 1, 2020).
[3] *See* https://www.bop.gov/coronavirus/ (last visited May 1, 2020).
[4] Over the course of approximately four hours on May 1, 2020, the number of confirmed cases at FCI Terminal Island rose from 600 to 615 inmates.

further compounded by Mr. Fischman's age. He is 72 years old, *see* Dkt. No. 47 at 3, and as such, the Centers for Disease Control considers him an "older adult" at higher risk of severe illness from COVID-19.[5] The Court recognizes that the Bureau of Prisons is trying to control the spread of COVID-19 and care for the health and safety of the inmates within its facilities. Yet Mr. Fischman's age and diagnosis put him at heightened risk of becoming seriously ill. The Court finds that these circumstances establish "extraordinary and compelling reasons" warranting Mr. Fischman's immediate release. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

In concluding that compassionate release is warranted, the Court also considers whether Mr. Fischman poses a danger to the safety of the community, as well as the factors set forth in § 3553(a). Mr. Fischman's offense, though very serious, was his first. During his time in federal custody, he has taken steps to rehabilitate himself, including through successful completion of the RDAP treatment program. He also teaches classes, leads reading groups, and leads religious services. *See* Dkt. No. 47 at 18. In short, the Court finds that Mr. Fischman is a non-violent offender who has served the majority of his sentence and whose early release will not endanger the community. *See* U.S. Sentencing Guidelines, § 1B1.13(2). Congress has entrusted the courts with imposing sentences "sufficient but not greater than necessary." *See* 18 U.S.C. § 3553(a). The Court finds that the risk to Mr. Fischman's health were he required to stay at FCI Terminal Island to complete the final months of his sentence would be greater than necessary and not commensurate with the "just punishment for [his] offense." *See id.*

During the May 1 hearing, the government posited that Tuesday, May 5 was the first day the Court could release Mr. Fischman. The Court notes that across the country the government has taken conflicting positions on whether the 30-day exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) precludes courts from considering a motion for compassionate release before all 30 days have elapsed. *See, e.g.*, *United States v. Park*, Case No. 1:16-cr-0473-RA, Dkt. No. 73 at

---

[5] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited May 1, 2020). According to one press report, two of the five fatalities were inmates aged 80 and 73. *See* Nathaniel Percy, *5th Terminal Island inmate dies after testing positive for coronavirus*, DAILY BREEZE (April 30,2020), https://www.dailybreeze.com/2020/04/30/4th-terminal-island-inmate-dies-after-testing-positive-for-coronavirus/.

3, & n.1 (S.D.N.Y. April 24, 2020); *United States v. Knox*, Case No. 1:15-cr-0445-PAE, Dkt. No. 1088 at 1 (S.D.N.Y. Apr. 10, 2020); *United States v. Gentille*, Case No. 1:19-cr-0590-KPF, Dkt. No. 34 at 3, 6–8 (S.D.N.Y. April 9, 2020). In several of these cases, the government waived its objections in light of the unusual circumstances presented by COVID-19 after having time to reconsider its initial position.

The Court has serious concerns that the government's apparent case-by-case approach to its position on the legal question of exhaustion results in arbitrary differences in the treatment of similarly-situated defendants. The government's interpretation of § 3582(c) should not change based on whether an inmate is incarcerated in New York or California. Moreover, as the Bureau of Prisons faces a prison population at FCI Terminal Island where 60% of inmates have COVID-19, the Court finds no reason to conclude that a response from the Bureau of Prisons is possible, let alone likely, within the next business day. And there simply is no time for additional briefing from the government on this issue. Unfortunately, Mr. Fischman's health has already been compromised in the few weeks since he filed this motion. Indeed, Mr. Fischman's case illustrates the difference that just a few days' delay may have under these circumstances. Mr. Fischman first tested negative for COVID-19 on April 24, 2020. *See* Dkt. No. 74 at 2. Just four days later, on April 28, 2020, he tested positive. *Id.* Considering the extraordinary circumstances present in this case, the Court will grant Mr. Fischman's request now, rather than one or two business days from now.

**IV.   CONCLUSION**

Accordingly, the Court **GRANTS** the motion for reduction of sentence. Mr. Fischman's sentence of imprisonment is modified to time served, and he is to be released from the Bureau of Prisons custody effective Saturday, May 2, 2020, at noon Pacific Time. The Court anticipates that in the interim period, Mr. Fischman's son will obtain the necessary personal protective equipment defense counsel identified during the hearing and drive to FCI Terminal Island to pick up Mr. Fischman.

Mr. Fischman shall complete the five-year term of supervised release imposed in the original sentence subject to the original conditions, *see* Dkt. No. 45, with the following additional

special conditions:

- Upon his release from the Bureau of Prisons, Mr. Fischman's son will drive him directly to his home in Oakland, California, and Mr. Fischman will satisfy a 14-day self-quarantine requirement there.[6]
- Mr. Fischman shall be subject to home incarceration (without electronic monitoring) at his home in Oakland, California through the remaining portion of Mr. Fischman's original term of imprisonment (as calculated by the Bureau of Prisons). This means Mr. Fischman may only leave his residence for necessary medical services with the prior approval of the Probation Office, except in the case of medical emergencies. All other requests to leave the residence shall be submitted through defense counsel for the Court's approval. The Court will consult with the Probation Office to determine if this condition should be amended once all shelter-in-place orders are lifted.
- Mr. Fischman shall comply with the Shelter in Place order issued by California Governor Gavin Newsom, dated March 19, 2020, and any extension(s) of that order, as well as with any other local, state, or federal health and safety orders related to COVID-19.

The government is further **DIRECTED** to serve a copy of this order on the Warden at FCI Terminal Island immediately by electronic mail.

**IT IS SO ORDERED.**

Dated: May 1, 2020

_Haywood S. Gilliam Jr._
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[6] Based on its communication to the Court dated April 14, 2020, the U.S. Probation Office has already reviewed Mr. Fischman's home and found it suitable.